IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


TIMOTHY JAMES KENNELLEY,

          Movant,

vs.                                    No. CV 16-00153 MCA/GBW
                                            No. CR 6-00499 MCA

UNITED STATES OF AMERICA,

          Respondent.


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**


THIS MATTER is before the Court under rule 4(b) of the Rules Governing Section 2255

Proceedings for the United States District Courts on Movant Timothy James Kennelley's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody (CV Doc. 1, CR Doc. 138).  The Court has conducted an initial consideration of the

Motion, determined that Movant Kennelley is not entitled to relief, and will dismiss the Motion

as required by rule 4(b).

Kennelley was indicted and pled guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (CR Doc. 1, 100).  The Court

adopted the presentence report (PSR) findings and, on September 16, 2008, sentenced Kennelley

to 180 months of imprisonment followed by a three-year term of supervised release. (CR Doc.

129 and 132).  The PSR concluded that Kennelley had three violent felonies and is an armed

career criminal subject to a statutory minimum of fifteen years of confinement under 18 U.S.C. §

924(e) under the Armed Career Criminal Act ("ACCA"). (CR Doc. 104). The PSR identified the

three prior felony convictions for crimes of violence to include:

(1) Case No. C-48544 (January 5, 1982, Burglary, Orange County Superior Court,

Anaheim, California);

(2) Case No. 88-17 (November 17, 1988, Burglary, Carbon County, Red Lodge,

Montana); and

(3) Case No. FECCR047051 (August 17, 1998, Felony Domestic Assault Causing Bodily

Injury, Iowa District Court, Woodbury County, Sioux City, Iowa).  (CR Doc. 104).

During the sentencing phase of his criminal case, Kennelley challenged Case No. 88-17

as a predicate offense under the ACCA on the grounds that it involved a commercial burglary

and was not the type of crime contemplated by the term "burglary" as used in the ACCA.

Kennelley did not challenge use of either of the other two convictions to enhance his sentence.

(CR Doc. 104).  Kennelley ultimately conceded that Tenth Circuit precedent foreclosed his

argument regarding the commercial burglary conviction and the Court rejected Kennelley's

objection to enhancement under the ACCA.  (CR Doc. 125, 129).

In his § 2255 motion, Kennelley seeks to be relieved of his sentence based on the

Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015).  (CV

Doc. 1 and 2, CR Doc. 138 and 139).  In *Johnson*, the Supreme Court held that the residual

clause of the ACCA is impermissibly vague and imposing an increased sentence under the

residual clause violates the Constitution's guarantee of due process.  135 S.Ct. at 2562-2563.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces

more severe punishment if he has three or more previous convictions for a "violent felony."  18

U.S.C. § 924 (e)(2)(B).  The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one
> year . . . that—
>
>> (i) has as an element the use, attempted use, or threatened
> use of physical force against the person of another; or
>
>> (ii) is burglary, arson, or extortion, involves the use of
> explosives, *or otherwise involves conduct that presents a serious
> potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The *Johnson* Court struck down the italicized

residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague.  135 S.Ct. at 2555-

2563.  The Supreme Court, however, specifically stated:

> "[t]oday's decision does not call into question application of the Act
> to the four enumerated offenses, or the remainder of the Act's definition
> of a violent felony." 135 S.Ct. at 2563.

Kennelley's sentence was enhanced under the ACCA.  However, it was not enhanced

under the ***residual clause*** of the Act.  Instead, the three prior convictions used to enhance his

sentence are either for enumerated offenses of burglary under § 924(e)(2)(B)(ii) or for domestic

violence within the § 924(e)(2)(B)(i) definition of violent felony ("has as an element the use,

attempted use, or threatened use of physical force against the person of another").  The Supreme

Court expressly ruled the enumerated offenses and the remainder of the definition of violent

felony remain unaffected by the Court's ruling in *Johnson*.  Therefore, *Johnson* has no

application to Kennelley's sentence and Kennelley is not entitled to relief under 28 U.S.C. §

2255 based on *Johnson*.

IT IS ORDERED that Movant Timothy James Kennelley's Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, CR

Doc. 138) is DISMISSED under rule 4(b) of the Rules Governing Section 2255 Proceedings for

the United States District Courts, and civil action No. CV 16-00153 MCA/GBW is DISMISSED with prejudice.

_____

UNITED STATES DISTRICT JUDGE