IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY JAMES KENNELLEY,

        Movant,

vs.                                                      No. CV 16-00153 MCA/GBW
                                                         No. CR 6-00499 MCA

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER TO TRANSFER
AS A SECOND OR SUCCESSIVE § 2255 MOTION**

**THIS MATTER** is before the Court on Movant Timothy James Kennelley's Motion For Relief From Judgment on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed June 25, 2016. (CV Doc. 6; CR Doc. 145) ("Motion For Relief From Judgment"). Movant Kennelley seeks to set aside this Court's Judgment denying his § 2255 Motion based on *Johnson v. United States* under Fed. R. Civ. P. 60(b). The Court concludes that the Motion For Relief From Final Judgment is in substance a second or successive § 2255 motion and will transfer this matter to the United States Court of Appeals for the Tenth Circuit.

Kennelley seeks to proceed under Fed. R. Civ. P. 60(b). As a threshold matter, the Court must determine whether his Motion For Relief From Judgment is a "true" rule 60(b) motion or, instead, a second or successive § 2255 motion. *See Gonzalez v. Crosby,* 545 U.S. 524 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Under *Gonzalez,* a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction or sentence. *See* 125 S.Ct. at 2651. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the court which

precluded a merits determination of the § 2255 motion or (2) challenges a defect in the integrity of the § 2255 proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior petition, *id.* at 2648. A Rule 60(b) motion that asserts or reasserts a federal basis for relief from the underlying conviction or sentence should be treated as second or successive habeas petition. *id.* at 2648. The Court determines that that Kennelley's Motion For Relief From Judgment should be considered a second or successive § 2255 motion because it challenges the merits of his underlying sentencing.

Kennelley was indicted and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (CR Doc. 1, 100). The Court adopted the presentence report (PSR) findings and, on September 16, 2008, sentenced Kennelley to 180 months of imprisonment followed by a three-year term of supervised release. (CR Doc. 129 and 132). The PSR concluded that Kennelley had three violent felonies and is an armed career criminal subject to a statutory minimum of fifteen years of confinement under 18 U.S.C. § 924(e) under the Armed Career Criminal Act ("ACCA"). (CR Doc. 104). The PSR identified the three prior felony convictions for crimes of violence to include:

(1) Case No. C-48544 (January 5, 1982, Burglary, Orange County Superior Court, Anaheim, California);

(2) Case No. 88-17 (November 17, 1988, Burglary, Carbon County, Red Lodge, Montana); and

(3) Case No. FECCR047051 (August 17, 1998, Felony Domestic Assault Causing Bodily Injury, Iowa District Court, Woodbury County, Sioux City, Iowa). (CR Doc. 104).

The PSR also identified an additional felony Montana burglary conviction, case no. DC 87-07 (December 21, 1987, Burglary, Thirteenth Judicial Court, Carbon County, Red Lodge, Montana).

During the sentencing phase of his criminal case, Kennelley challenged Case No. 88-17 as a predicate offense under the ACCA on the grounds that it involved a commercial burglary and was not the type of crime contemplated by the term "burglary" as used in the ACCA. Kennelley did not challenge use of either of the other two convictions to enhance his sentence. (CR Doc. 104). Kennelley ultimately conceded that Tenth Circuit precedent foreclosed his argument regarding the commercial burglary conviction and the Court rejected Kennelley's objection to enhancement under the ACCA. (CR Doc. 125, 129).

In his March 3, 2016 § 2255 Motion, Kennelley sought to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct.2551 (2015). (CV Doc. 1 and 2, CR Doc. 138 and 139). The Court determined that, although Kennelley's sentence was enhanced under the ACCA, it was not enhanced under the ***residual clause*** of the Act. Instead, the three prior convictions used to enhance his sentence are either for enumerated offenses of burglary under § 924(e)(2)(B)(ii) or for domestic violence within the § 924(e)(2)(B)(i) definition of violent felony ("has as an element the use, attempted use, or threatened use of physical force against the person of another"). The Supreme Court expressly ruled the enumerated offenses and the remainder of the definition of violent felony remain unaffected by the Court's ruling in *Johnson.* The Supreme Court, however, specifically stated:

> "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563.

Therefore, the Court ruled that *Johnson* has no application to Kennelley's sentence and Kennelley was not entitled to relief under 28 U.S.C. § 2255 based on *Johnson*. (CV Doc. 3; CR Doc. 140).

The Court also denied a certificate of appealability and Kennelly did not appeal from the Court's Memorandum Opinion and Order denying his § 2255 motion under *Johnson.* (CV Doc. 3, 4, 5; CR Doc. 140, 141, 142). Instead, Kennelly then filed his rule 60(b) Motion For Relief From Judgment on June 25, 2016. (CV Doc. 4; CR Doc. 145).

In his Motion For Relief From Judgment, Kennelley now seeks to argue that the California and Montana burglary convictions do not properly support an enhanced sentence under the enumerated clause of the ACCA based on the U.S. Supreme Court's rulings in *Descamps v. United States*, 133 S.Ct. 2276, 2285 (2013) and *Mathis v. United States,* 136 S.Ct. 2243 (2016). (CV Doc. 6 at 9-14; CR Doc. 145 at 9-14). Kennelley's arguments based on *Descamps* and *Mathis* directly challenge the merits of his sentencing and, therefore, his Motion For Relief From Judgment should be treated as a second or successive § 2255 motion. *In re Lindsey*, 582 F.3d 1173, 1176 (10th Cir. 2009); *Spitznas v. Boone*, 464 F.3d at 1215.

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Kennelley has filed his motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without

the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631.  *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court determines that it is in the interests of justice and will order this matter transferred to the United States Court of Appeals for the Tenth Circuit.

At this stage of the proceedings, Kennelley may proceed with a second or successive § 2255 motion only if he is relying on a right made retroactively applicable to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(f)(3).  In unpublished decisions, the Tenth Circuit has indicated that neither *Descamps* nor *Mathis* announced a new right made retroactively applicable to cases on collateral review.  *See United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) ( *Descamps* decision did not recognize a new right); *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (*Mathis* did not announce a new rule).  The Court determines that it is in the interests of justice to allow the Tenth Circuit to decide whether Kennelley may proceed on a second or successive § 2255 motion based on *Descamps* or *Mathis.*

**IT IS ORDERED** that Movant Timothy James Kennelley's Motion For Relief From Judgment on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  (CV Doc. 6; CR Doc. 145) is construed as a second or successive § 2255 motion and the Clerk is **DIRECTED TO TRANSFER** the Motion For Relief From Judgment to the United States Court of Appeals for the Tenth Circuit.

_____
UNITED STATES DISTRICT JUDGE